SECOND DISTRICT COURT OF BERGEN COUNTY.

PETER DOELGER BREWING CORPORATION, A CORPORATION, PLAINTIFF, v. OTTO SPINDEL AND ADOLPH SPINDEL, DEFENDANTS.

Decided July 8, 1936.

For the plaintiff, *Pesin & Pesin*.

For the defendants, *Morris M. Spindel*.

ELY, D. C. J.  Plaintiff has, by his own motion, taken a nonsuit as to Adolph Spindel.  The issues remain as to Otto Spindel.

It appears from the testimony that Otto Spindel, who denies ordering the merchandise for which suit is brought, signed a great number of delivery tickets, and on such tickets the merchandise was billed to him, Otto Spindel.  He now denies on the stand that in accepting this merchandise he was acting except as an agent for his son.  He is an able business man and it is impossible to believe that he would not purchase this merchandise on his own credit for his own uses in business.

Defendant moved at the close of the trial for dismissal of the action on the grounds that the plaintiff was not authorized to do business in the state, but it would appear by concession of the attorneys that even if such authorization was not obtained prior to the commencement of the action, such authorization was obtained while the action was pending. Defendants' counsel cites the case of *Commercial Credit Corp.* v. *Boyko,* 103 *N. J. L.* 620; 127 *All. Rep.* 534, in support of his motion.  Although this case does not definitely decide the point in question, by *dicta,* our Mr. Justice Kalisch says:

"There is a diversity of judicial opinion as appears from the decisions of the court of our sister states, in construing a statute [Corporation act, section 98] of like import on the question whether an action brought by a corporation, not eligible to sue, under the statute, at the time the action is instituted, can, after the bringing of such action, by complying with the terms of the statute, maintain the action. In a majority of the states, the courts have held that the word "maintain" in the statute does not inhibit the institution of the action, but refers to a situation that any time after the action is brought, a foreign corporation may qualify itself to maintain such action, and prosecute to a final end, by first complying with the terms of the statute. The trend of authority supports this view." In view of this *dicta* in the very case which defendants' counsel cites to support his intention, I decide that even though the plaintiff corporation was not authorized to do business at the commencement of this action it has now qualified itself and may maintain the action.

Judgment will be entered for the plaintiff corporation against the defendant Otto Spindel for the sum of five hundred ($500) dollars.