# Richmond

## F. B. Bain and R. F. Bain, trading as L. F. Bain & Son v. Edgar Boykin.

December 7, 1942.

Record No. 2524.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Carlton E. Holladay* and *T. N. Crymes*, for the plaintiffs in error.

*W. Stanley Burt* and *Frank P. Pulley, Jr.*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiffs in error, F. B. and R. F. Bain, trading as L. F. Bain and Son, brought an action at law, by warrant, before the trial justice of Sussex county, to recover of the defendant, Edgar Boykin, the gross sum of $305.64, evidenced by a bond dated the 8th day of July, 1930. The trial justice rendered a judgment in favor of the plaintiffs, whereupon the defendant appealed to the circuit court.

Upon the call of the case in the circuit court, the defendant filed a plea alleging that plaintiffs were barred from a recovery on the bond because of their failure to comply with the provisions of the Act of the General Assembly of 1936, p. 531—Michie's Code of Virginia, section 4722 (1)—in that they had not, prior to the bringing of the action, registered, as required by the statute, the assumed or fictitious name under which they were doing business at the time the alleged action on the bond accrued.

The facts upon which defendant relied to sustain his contention are as follows:

The original partnership of L. F. Bain and Son, composed of L. F. Bain and P. D. Bain, came into existence more than sixty years before the bringing of this action (Jesse Hargrave, the clerk of the circuit court, testified that both L. F. Bain and P. D. Bain departed this life many years ago); that the

present partnership was composed of F. B. Bain and R. F. Bain; and that the plaintiffs did not file the certificate required by section 4722 (1) of Michie's Code until after the bringing of the present action.

The pertinent provision of section 4722 (1) of Michie's Code reads thus:

"No person nor corporation shall conduct or transact business in this State under any assumed or fictitious name unless such person or persons or corporation shall sign and acknowledge a certificate setting forth the name under which such business is to be conducted or transacted, and the names of each and every person or corporation owning the same, with their respective post office and residence addresses, and where the corporation is a foreign corporation the date of the certificate of authority to do business in Virginia issued to it by the State Corporation Commission, and file the same in the office of the clerk of the court in which deeds are recorded in the county or corporation wherein the business is to be conducted." Section 1.

  &ast;  &ast;&middot;  &ast;  &ast;  &ast;  &ast;  &ast;

"Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not exceeding one thousand dollars, or imprisonment not more than one year, or both." Section 3.

The trial court, being of opinion that the provision of the statute is mandatory, sustained the plea of the defendant and dismissed the action at the cost of the plaintiffs. To this action of the trial court a writ of error was awarded.

At the April, 1942, session of this court, the case was argued and submitted. The assignment of error relied upon in argument was the action of the trial court in sustaining defendant's plea and dismissing plaintiffs' action. Upon a consideration of the case in conference, a majority of this court was of opinion that the assignment of error was without merit, for the reason that the case was controlled by our decision in *Colbert* v. *Ashland Const. Co.*, 176 Va. 500, 11 S. E. (2d) 612.

■ In that case, Mr. Justice Holt, dealing at length with the statute, said: "When the law prohibits a thing, it is unlawful to do it, and the courts should not lend their aid to the enforcement of prohibited contracts."

Prior to the convening of the appellate court for the June, 1942, session, our attention was called to the fact that the Act of 1936 (Michie's Code, section 4722-1), was amended by the 1942 session of the General Assembly (Acts 1942, p. 408), which materially affected a decision of the case, and thereupon, a reargument of the case was directed at the October, 1942, session of the court.

The amendment to the Act of 1936 appearing in chapter 286 of the Acts of 1942, leaves the entire act intact, with the exception of section 3 thereof. The amendment is as follows:

"Provided, however, that the failure of any person, firm or corporation to comply with the provision of this act shall not prevent a recovery by or against such person, firm or corporation, in any of the courts in this State *or* (on) any cause of action heretofore or hereafter arising, but no action shall be maintained in any of the courts in this State by any such person, firm or corporation or his or its assignee or successor in title unless and until the certificate required by this act has been filed.

"If any section, clause or provision of this act shall be held unconstitutional or invalid, the same part shall not affect the validity of this act as a whole or any part thereof other than the part so held to be unconstitutional or invalid.

"An emergency existing this act shall be in force from its passage."

In the present state of the record the sole question for our determination is the force and effect of the amendment upon the case at bar. The primary question for solution is whether the law applicable at the time of the rendition of the judgment, or the law in effect at the time of the decision of the appellate court, applies. Upon this question there is a diversity of opinion.

In 5 Corpus Juris Secundum, sec. 1841, this is said:

"While the courts are agreed that an appellate court will not by its decision allow a change in the law during the pendency of an appeal to affect vested rights, that it will give effect according to its terms, to a statute enacted while the appeal was pending and expressly intended to apply, or not to apply, retroactively, that in injunction cases the appellate court will apply the law existing at the time of its own decision, and that, where a statute on which the judgment rests has been repealed pending the appeal, it would take judicial notice of the repeal * * * * and conform its decision thereto, yet, on the main proposition as to whether the cause should be determined and disposed of according to the law in effect at the time the judgment was rendered in the lower court or to the law in effect at the time the cause is disposed of on appeal, there is a sharp diversion of authority."

It must be conceded that if, as contended, the defendant acquired a vested right by the rendition of a judgment in his favor in the trial court, then the law, as it was then, should be applied.

Did the defendant acquire a vested right in the judgment rendered? Under our decisions he did not.

In *Kennedy Coal Corp.* v. *Buckhorn Corp.*, 140 Va. 37, 124 S. E. 482, this court settled the question of what constitutes a vested right. There it is said:

"Now what is a vested right? Without reference to a dictionary definition, we would define it as a right, so fixed, that it is not dependent on any future act, contingency, or decision to make it more secure. Tested by this definition, we are of the opinion that the appellees had no such vested right as is contemplated by the decisions relied on. The right of the appellees at the time of the rendition of the judgment of the court contained in the decree was not fixed in the sense that it was settled. It was an inchoate right, which would become vested upon the happening of one of two events, viz., an affirmance of the decree of the trial court by the Supreme Court of Appeals, or by the expiration of the period allowed at the time in which to take an appeal."

Defendant further contends that even though he has not a vested right in the judgment rendered, the act is void for the reason that it is in the nature of an *ex post facto* enactment and retroactive in its application to the case at bar. There is no merit in this contention.

In *Commonwealth* v. *United Cigarette Machine Co.*, 120 Va. 835, 92 S. E. 901, Judge Kelly quotes with approval the following definition of an *ex post facto* law as defined by Judge Staples in *Danville* v. *Pace*, 25 Gratt. (66 Va.) 1: "*Ex post facto* laws relate to criminal proceedings which inflict punishments or forfeitures and not to civil proceedings which affect private rights retrospectively." See also Cooley Constitutional Limitations, 460, 41 L. R. A. 589.

Though it be conceded that the act is retroactive, unless it deprives defendant of a vested right, it must, under our decisions, be declared a valid enactment.

In *Whitlock* v. *Hawkins*, 105 Va. 242, 53 S. E. 401, this is said:

"Courts do not look with favor upon retroactive and retrospective laws, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest. But it cannot be denied that the Legislature may, in its wisdom, pass retrospective statutes, sometimes called curative laws, subject to certain well defined limitations upon its power." See also *Danville* v. *Pace, supra*.

As above stated, the defendant did not have a vested right in the judgment obtained. This being true, we are of opinion that the rule of law which should be applied in this case is the rule so cogently stated in 3 American Jurisprudence, sec. 1157. There we read:

" * * * But both reason and the weight of authority point to the view that the case must be determined in the light of the law as it exists at the time of the decision by the appellate court, where the statute changing the law is intended to be retroactive and apply to pending litigation, or is retroactive in its effect; and this is true though it may result in the reversal of a judgment which was correct at the time it was rendered by the trial court. The general rule, is,

of course, subject to limitation where rights have been acquired which may not be divested by legislative changes in the law. In other words, while as a general rule, the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not, if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rules which govern, the law must be obeyed, unless it is unconstitutional."

In *Bowers v. Keller*, 185 Ga. 435, 195 S. E. 447, it is held that the above rule is the prevailing one. There, the court in passing upon a statute similar to the Act of 1942, said:

"We, therefore, conclude that the court of appeals should decide the case in accordance with the provisions of the Act of 1937 reversing the judgment, not because the judge erred at the time of its rendition, but because it has subsequently become erroneous by operation of this statute." See also 5 C. J. S., sec. 1841; 3 Am. Jur., sec. 1157; 36 A. L. R. 1315.

For the reasons stated, the judgment complained of will be reversed and annulled and the case remanded for a trial *de novo*.

*Reversed and remanded.*