# Richmond

## F. E. WATKINS AND AVA W. WATKINS, TRADING AS WATKINS MOTOR COMPANY v. R. G. BISHOP.

March 8, 1943.

Record No. 2619.

Present, All the Justices.

The opinion states the case.

*Hodges & Dortch*, for the plaintiffs in error.

No appearance for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiffs in error are seeking by this writ of error to reinstate a judgment declared null and void by the Circuit Court of Mecklenburg county.

On January 14, 1942, the defendant in error, by his duly constituted attorney in fact and pursuant to the provisions of section 6130-a (Michie's Code, 1936), Acts of 1936, pp. 275-374, confessed judgment in the clerk's office of Mecklenburg county, Virginia, in favor of the plaintiffs in error (copartners trading as Watkins Motor Company), in the sum of $519, together with costs and attorneys' fees.

On February 19, 1942, after proper notice to the plaintiff, the defendant, pursuant to the provisions of the Acts of 1936 (Michie's Code, sec. 6130-a), filed his motion in the circuit court to set aside and annul the judgment confessed by him on January 14, 1942. This motion was based on the ground that the debt was evidenced by a promissory note executed by defendant, which was void and illegal by reason of the fact that it was payable to Watkins Motor Company, a business conducted under a trade name in violation of section 4722 (1), Michie's Code, Acts 1936, p. 531.

The pertinent provision of that section is as follows:

"No person nor corporation shall conduct or transact business in this State under any assumed or fictitious name unless such person or persons or corporation shall sign and acknowledge a certificate setting forth the name under which such business is to be conducted or transacted, and the names of each and every person or corporation owning the same, with their respective post office and residence addresses, and where the corporation is a foreign corporation the date of the certificate of authority to do business in Virginia issued to it by the State Corporation Commission, and file the same in the office of the clerk of the court in which deeds are recorded in the county or corporation wherein the business is to be conducted."

The motion was heard by the court upon the following stipulation of facts:

"1. That the note upon which the judgment in this case is based grew out of a transaction between F. E. Watkins, trading as Watkins Motor Company, South Hill, Virginia, and R. G. Bishop.

"2. That there was adequate consideration for the said note and there was no fraud or deception involved in the transaction.

"3. That at the time of said transaction, July 9, 1938, no certificate had been filed by F. E. Watkins under section 4722 (1) of the Code of Virginia.

"4. That the plaintiffs, F. E. Watkins and Ava W. Watkins, trading as Watkins Motor Company, are the successors to F. E. Watkins, trading as Watkins Motor Company, and a certificate of said partnership has been filed in the Clerk's Office of Mecklenburg County, Virginia, as of May 27, 1941."

In conformity with the decision of this court in *Colbert* v. *Ashland Const. Co.*, 176 Va. 500, 11 S. E. (2d) 612, the motion was sustained and an order was entered annulling and setting aside the said judgment.

Since the decision in the *Colbert Case, supra*, the Act of 1936 was amended at the 1942 session of the General Assembly so as to make section 3 thereof read as follows:

"Provided, however, that the failure of any person, firm or corporation to comply with the provisions of this act shall not prevent a recovery by or against such person, firm or corporation, in any of the courts in this State *or* (on) any cause of action heretofore or hereafter arising, but no action shall be maintained in any of the courts in this State by any such person, firm or corporation or his or its assignee or successor in title unless and until the certificate required by this act has been filed."

In the case of *Bain* v. *Boykin*, 180 Va. 259, 23 S. E. (2d) 127, this amendment was directly under consideration by this court and the conclusion was reached that whenever it appears that the principal creditor or his assignee has filed a certificate pursuant to the provisions of the statute prior to

the bringing of the action, then he is entitled to recover, if the law and the facts be with him.

Since it appears from the record that plaintiffs in error filed a proper certificate of partnership on the 27th day of May, 1941, and that they are the legal assignees of the note, under our decision in *Bain* v. *Boykin, supra,* they are entitled to prevail upon this writ of error.

The judgment of the trial court will be reversed and annulled and the case remanded, with direction to the trial court to reinstate the judgment entered in the clerk's office of Mecklenburg county, on the 14th day of January, 1942, in favor of plaintiffs and against the defendant.

*Reversed.*