# Richmond

## Susie B. Phlegar v. Virginia Foods, Incorporated, et als.

January 10, 1949.

Record No. 3405.

Present, All the Justices.

*Stuart B. Campbell* and *Alton I. Crowell*, for the plaintiff in error.

*Ted Dalton, John B. Spiers* and *H. C. Gilmer, Jr.*, for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

The question for our decision is whether a person trading under a fictitious name may proceed with an action, brought before he has complied with the provisions of Virginia Code, 1942, (Michie), section 4722 (1), by filing during the pendency of the action, and prior to a motion to dismiss, the certificate required by said statute, setting forth the name under which such business is conducted and the name of each person owning the same, with their respective post office and residence addresses.

This proceeding was instituted by "Susie B. Phlegar, trading and doing business as Mercantile Cash Store," against Virginia Foods, Incorporated, Jess K. Harrison, Della M. and J. W. Martin, partners trading as Martin's Cash Store, and Charles S. Carnall, trading and doing business as C. S. Carnall, by notice of motion to recover damages under the anti-trust and monopoly statutes of this State. All of the defendants appeared and filed pleas of the general issue. Subsequent to the filing of these pleas, Susie B. Phlegar complied with Virginia Code, 1942, (Michie), section 4722 (1), by filing in the Clerk's Office of Pulaski County, Virginia, the certificate required by that statute. On November 18, 1947, the defendants moved to dismiss because of the failure to comply prior to the institution of the action. A replication to this motion was then filed, setting out the subsequent compliance.

The trial court, being of opinion that it was necessary to comply with the statute prior to the institution of the suit, and that the subsequent compliance therewith was not sufficient, dismissed the action, without prejudice to the right of the plaintiff to bring action should she be so

advised. From that judgment plaintiff sought and obtained this writ of error.

By an Act approved March 23, 1922, Acts of Assembly 1922, chapter 360, page 596, it was provided:

"1. That no person nor corporation shall conduct or transact business in this State under any assumed or fictitious name unless such person or persons or corporation shall sign and acknowledge a certificate setting forth the name under which such business is to be conducted or transacted, and the names of each and every person or corporation owning the same, with their respective post office and residence addresses, and where the corporation is a foreign corporation the date of the certificate of authority to do business in Virginia issued to it by the State corporation commission, and file the same in the office of the clerk of the court in which deeds are recorded in the county or corporation wherein the business is to be conducted.

"  *        *        *        *        *        *

"3. Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not exceeding one thousand dollars, or imprisonment not more than one year, or both."

By an Act approved March 27, 1936, chapter 326, page 530, *et seq.* (Virginia Code, 1936, (Michie), section 4722 (1) ), the second paragraph of subdivision 1 of the 1922 Act was amended. These amendments are not here pertinent.

By an Act approved March 30, 1942, Acts of Assembly, 1942, chapter 286, page 408, (Virginia Code, 1942, (Michie), section 4722 (1) ), the statute was again amended so as to make subdivision 3 thereof read as follows:

"Section 3. Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not exceeding one thousand dollars, or imprisonment not more than one year, or both; provided, however, that the failure of any person, firm or corporation to comply with the provisions of this act shall not prevent a recovery by or against such person, firm

or corporation, in any of the courts in this State on any cause of action heretofore or hereafter arising, but no action shall be maintained in any of the courts in this State by any such person, firm or corporation or his or its assignee or successor in title unless and until the certificate required by this act has been filed."

The applicability and effect of the statute, both before and subsequent to the amendment of 1942, has been before us in several cases.

In *Colbert* v. *Ashland Const. Co.*, 176 Va. 500, 11 S. E. (2d) 612, decided November 25, 1940, we held that a plaintiff, who had failed to comply with the provisions of the statute, was not entitled to recover because his action was brought on a contract forbidden by the law of this State, that is, on an illegal contract.

In *Tate* v. *Atlanta Oak Flooring Co.*, 179 Va. 365, 18 S. E. (2d) 903, we held that while the statute was penal in nature, and should have a strict rather than liberal interpretation, it should not be construed so as to defeat a cause of action unnecessarily.

The next case was that of *Bain* v. *Boykin*, 180 Va. 259, 23 S. E. (2d) 127, decided December 7, 1942, in which the amendment of 1942 was directly under consideration. In that case, F. B. and R. F. Bain, trading as L. F. Bain & Son, instituted action on a bond before a trial justice. The trial justice rendered a judgment in favor of the plaintiffs; whereupon the defendant appealed to the circuit court. In the circuit court, the defendant filed a plea alleging that the plaintiffs were barred from recovery because of their failure to comply with the provisions of the Act of the General Assembly of 1936, prior to the institution of their action. It was disclosed that the original partnership of L. F. Bain & Son, composed of L. F. Bain and F. D. Bain came into existence more than thirty years before the bringing of the action; that L. F. and P. D. Bain had died many years ago; that the present partnership was composed of F. B. Bain and R. F. Bain; and that the two plaintiffs did not file the certificate required by the statute until after

the bringing of the action. The trial court, following the majority opinion of this court in *Colbert* v. *Ashland Const. Co., supra,* held that the plaintiffs were not entitled to maintain the action. Judgment was accordingly rendered on May 2, 1941.

While the *Bain Case* was pending in this court, the General Assembly amended subdivision 3 of Code, section 4722 (1) (Acts of 1942, chapter 286), in effect overruling the decision in the *Colbert Case,* and expressly providing that failure to comply with provisions of the statute should not prevent a recovery nor constitute a bar to the action; but that "no action shall be maintained in the courts of this State * * * unless and until the certificate required by this act has been filed." We held, in view of the amendment of 1942, the law at the time of our decision, that the certificate of the plaintiffs filed after the bringing of their action and prior to the time of final judgment was a sufficient compliance with the statute, and reversed the trial court.

In *Watkins* v. *Bishop,* 181 Va. 191, 24 S. E. (2d) 422, we reaffirmed the conclusion reached in *Bain* v. *Boykin, supra.*

See also *Norfolk* v. *Stephenson,* 185 Va. 305, 315, 38 S. E. (2d) 570, 171 A. L. R. 1344.

The amendment of 1942 is remedial in purpose, and is to be construed liberally to the end that a litigant may have his day in court, provided he complies with the provisions of the statute. The amendment accomplishes two purposes. It removes the taint of illegality from the cause of action, and it gives the suitor the right to maintain the action after he has complied with the requirements of the statute. As amended, the statute does not render the cause of action illegal. It is not the right to begin the action, but the right to maintain it, that is withheld for failure to comply with its terms. It takes no right away from the offending party after compliance. When its terms are met, the barriers theretofore existing are removed.

In 38 Am. Jur., Name, section 22, page 607, it is said that, while there is a conflict of authority as to whether

compliance with such a statute is necessary before an action may be brought, the better rule is: "that compliance with the statute is not a condition precedent to the right to begin the action; but that compliance at a later period, as before trial, or in interposition of a plea in abatement or motion for non-suit, is sufficient."

To the same effect see 45 C. J., Names, section (13) B, page 379; and Annotations 45 A. L. R. 458 and 59 A. L. R. 246, citing numerous cases.

For the reasons stated, the judgment complained of will be reversed, and the case remanded for a trial *de novo*.

*Reversed and remanded.*