## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

VIDEO ENGINEERING COMPANY, INC. v. FOTO-VIDEO ELECTRONICS, INC.

April 24, 1967.

Record No. 6394.

Present, All the Justices.

*Nathan L. Silberberg* (*Maurice Friedman; Howard B. Silberberg,* on brief), for the plaintiff in error.

*M. Patton Echols, Jr.,* for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

The question presented for our decision is whether compliance with the domestication statute by a foreign corporation transacting business in this State after it has commenced an attachment proceeding is sufficient to enable it to continue the action. Code § 13.1-119.

On October 24, 1961, plaintiff, Video Engineering Company, Inc.,

a Maryland corporation, filed a petition for an attachment of certain electronic equipment found in Arlington county, Virginia, belonging to defendant, Foto-Video Electronics, Inc., a New Jersey corporation. Plaintiff's claim was based on a contract, made by the parties in the District of Columbia, pursuant to which plaintiff furnished materials and rendered services at the Pentagon Building in Arlington, Virginia. On November 14, 1961, defendant filed a plea in abatement alleging that plaintiff was doing business in Virginia without having obtained a certificate of authority and was thus not entitled to access to the courts of this State. Subsequent to the filing of the plea in abatement, plaintiff obtained a certificate of authority to transact business in Virginia.

The trial court, in a written opinion rendered on July 9, 1965, held that a foreign corporation doing business in this State must obtain a certificate of authority before instituting a proceeding and that subsequent compliance was ineffective. Thus the plea in abatement was sustained, and the proceeding was dismissed.

The pertinent provisions of Code § 13.1-119 read as follows:

"No foreign corporation transacting business in this State without a certificate of authority shall be permitted to *maintain* any action, suit or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority. * * *

"The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this State." (Italics supplied.)

The statute does not expressly prohibit a foreign corporation from instituting any action, suit or proceeding. It merely says that it shall not "maintain" any action until the required certificate has been obtained. The word "maintain," appearing in the first sentence of the section, is not free from ambiguity. It is not clear from the statute whether a foreign corporation must obtain a certificate of authority before instituting an action or whether it is sufficient to qualify during the pendency of the proceeding.

The courts of some States have held that the word "maintain," as used in similar statutes, means to "commence," "start," or "begin," and that compliance with the statute after commencing an action is ineffective because commencing, starting or beginning is the first

step in maintaining it. *E.g., Western Electrical Co.* v. *Pickett,* 51 Colo. 415, 421, 118 P. 988, 991, 38 L. R. A. (n.s.) 702 (1911); *G. Heileman Brewing Co.* v. *Peimeisl,* 85 Minn. 121, 124, 125, 88 N. W. 441, 442 (1901); *J. Walter Thompson Co.* v. *Whitehed,* 185 Ill. 454, 465, 56 N. E. 1106, 1109 (1900). Compare, *Emcee Corp.* v. *George,* 293 Ill. App. 240, 12 N. E. 2d 333 (1937) (dictum).

However the courts of a majority of the States have interpreted the word "maintain" to mean a continuation of the proceeding already begun, and compliance with the requirements of the statute before judgment is sufficient to entitle the corporation to continue its prosecution. *E.g., New England Die Co., Inc.* v. *General Products Co., Inc.,* 92 R. I. 292, 298, 168 A. 2d 150, 153 (1961); *Hill-Lanham, Inc.* v. *Lightview Development Corp.,* 163 F. Supp. 475, 476 (D.D.C. 1957); *Peter Doelger Brewing Corp.* v. *Spindel,* 14 N. J. Misc. 523, 186 A. 429 (Dist. Ct. 1936); *National Fertilizer Co.* v. *Fall River Five Cents Sav. Bank,* 196 Mass. 458, 460, 82 N. E. 671, 672, 14 L. R. A. (n.s.) 561 (1907); *Vickers* v. *Buck Stove & Range Co.,* 70 Kan. 584, 586, 79 P. 160, 161 (1905); 23 Am. Jur., Foreign Corporations, § 351, p. 328; Annot., *Compliance after commencement of action as affecting application of statute denying access to courts or invalidating contracts where corporation fails to comply with regulatory statute,* 6 A. L. R. 3d 326, 331-338 (1966); Note, *The Legal Consequences of Failure to Comply with Domestication Statutes,* 110 U. Pa. L. Rev. 241, 266 (1961); Note, *Sanctions for Failure to Comply with Corporate Qualification Statutes,* 63 Colum. L. Rev. 117, 126 (1963). But see, 17 Fletcher, Cyclopedia Corporations, § 8538, p. 798 (Rev. vol. 1960, Wolf & McBride).

The conflicting interpretations are representative of judicial attempts to strike the appropriate balance between making effective the sanctions against failure of a foreign corporation to comply with the statute and avoiding undue hardship to the corporation.

Code § 13.1-119 is a part of the Virginia Corporation Law of 1956, Acts of Assembly 1956, Chapter 428, p. 487, which revised the corporate laws of this State. The new corporate law was adopted following a study by the Code Commission of Virginia at the direction of the General Assembly.

An exhibit filed with the report of the Code Commission stated that the Model Business Corporation Act prepared by the American Bar Association Committee on Corporate Laws was the basis of the proposed revision of the corporate laws. It was also stated in the

report that the source of the proposed § 13.1-119 was § 117 of the Model Business Act and Virginia Code § 13-218. See also, Gibson, *The Virginia Corporation Law of 1956*, 42 Va. L. Rev. 445 (1956).

The first sentence of § 13.1-119 is the same as that of § 117 of the Model Business Corporation Act. The second sentence of the first paragraph of the Model Act is omitted in the Virginia statute. The language of the second paragraph in both sections is the same. Differences in other paragraphs of the two sections are not pertinent here.

In 2 Model Business Corporation Act Annotated, p. 672 (1960), under comment on § 117, it is said, "Under the Model Act, a contract made by a nonqualified foreign corporation is not void but may be enforced by the foreign corporation by suit instituted after it qualifies. If suit has been instituted prior to qualification, the corporation may then qualify and continue its litigation * * *." Even though the comment was not available to the Code Commission and the General Assembly in 1956, it is at least persuasive as the view of the committee preparing and revising the Model Act.

Code § 13.1-119 has not heretofore been interpreted by this court; however, we have considered the meaning of the word "maintain" as used in § 4722(1), Code of 1942 (Michie), now Code § 59-176, the assumed or fictitious name statute. The statute provides that no action shall be "maintained" in any of the courts of this State until a certificate required by § 59-169 has been filed. In *Phlegar* v. *Virginia Foods, Inc.*, 188 Va. 747, 751, 51 S. E. 2d 227, 229-230 (1949), plaintiff did not comply with the statute until after instituting the action. In construing the word "maintained," as used in the statute, we said:

> " * * * As amended, the statute does not render the cause of action illegal. It is not the right to begin the action, but the right to maintain it, that is withheld for failure to comply with its terms. It takes no right away from the offending party after compliance. When its terms are met, the barriers theretofore existing are removed."

In the light of what appears to be the greater weight and trend of authority, the comment found under § 117 of the Model Business Corporation Act, and our construction of the word "maintain" in *Phlegar, supra*, we are of opinion that when plaintiff obtained a certificate of authority to engage in business in Virginia after instituting

this action, the barrier set out in Code § 13.1-119 was removed and plaintiff was afforded access to the court below to continue its action against the defendant.

It is true that the present proceeding was begun by attachment. Although in *J. Walter Thompson Co.* v. *Whitehed, supra,* (185 Ill. 454, 465, 56 N. E. 1106, 1109) the court concluded that an attachment before compliance was invalid and not cured by complying during pendency of the suit, the court's interpretation of "maintain" did not turn on the fact that it was an attachment proceeding. We find nothing in the nature of a proceeding begun by attachment which requires a different interpretation of "maintain" from that in any other action, suit or proceeding.

For the reasons stated, the judgment of the court below is reversed, the case reinstated and remanded.

*Reversed and remanded.*