# LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

American Institute of
Marketing Systems, Inc.

v.

Womble Realty, Inc., etc.

August 18, 1970

Case No. (Law) 6499

By JUDGE JOHN P. HARPER

Plaintiff seeks a Virginia judgment against defendant by virtue of a judgment obtained against it in Missouri on July 14, 1969. Defendant denies the validity of this Missouri judgment for want of jurisdiction over defendant. Plaintiff, in turn, relies upon service of process and other pleadings upon one George M. Kinder who was specifically designated as defendant's agent for that purpose in a contract between the parties executed September 20, 1966. Defendant attacks the validity of that contract, urging that it resulted from fraudulent misrepresentations, etc., of plaintiff, is therefore void or voidable and not binding on defendant.

Defendant urges, *ergo*, that as the contract fails, so much also the jurisdiction of the Missouri court and its judgment fall, they both being dependent on and resulting from the contract.

No authority need be cited to support the proposition that each state must give "full faith and credit" to the judgments of courts of competent jurisdiction in sister states. And this rule prevails even though such judgment may be contrary to the law, or procedures, or even the public policy of the other states. However, it may be attacked successfully for lack of jurisdiction

over the subject matter or of the parties, or *fraud in the procurement of the judgment*. But the fraud, contemplated by this exception to the full faith and credit principle must be extrinsic fraud such as to work a fraud upon the court and therefore vitiate the whole proceeding. See *Foreign Judgments*, 47 Am. Jur. 2d 221, § 1214, et seq.; 11 Michie's Jurisprudence 283, § 227 et seq., and supplement thereto.

On the other hand, the fraud charged by defendant was intrinsic fraud in the procurement of the contract, not in the procurement of the judgment, and might have been pleaded in bar in the Missouri proceedings; but this the defendant chose not to do; to the contrary, it permitted that suit to proceed to judgment without raising the defense of fraud. Such plea in the instant case now comes too late and must be denied.

In addition to its defensive pleadings, defendant filed a counterclaim seeking compensatory and punitive damages for alleged false and fraudulent representations of plaintiff, to which plaintiff demurred, relying upon the compulsory counterclaim rule of procedure of the Missouri practice which has been adopted from Rule 13(a), Federal Rules of Civil Procedure. Virginia has no such rule, and defendant denies its applicability to its counterclaim herein. While the Virginia rules of practice and procedure control the proceedings herein, plaintiff is entitled to the benefit of the Missouri rules of procedure in the Missouri case. As the counterclaim is barred in Missouri, so also must it be barred here; otherwise the full faith and credit principle would be thwarted, at least to the extent of the counterclaim. Accordingly, the demurrer will be sustained.

Defendant further contends by its motion to dismiss that plaintiff ought not be permitted to prosecute this action because it falls within the purview of Code of Virginia § 13.1-102, et seq., and §§ 54-730, 54-749 and related sections, and that, therefore, plaintiff was engaged in an unlawful act, contrary to the public policy of Virginia, by acting as a real estate broker, without first being duly domesticated and licensed, and is, therefore, not entitled to the protection and processes of this court.

This contention fails because it is apparent from reading the contract that it was the intent of the parties that defendant act as the Virginia broker, not the plain-

tiff, which merely furnished referrals, techniques, literature, etc., and did not deal with the Virginia public, which is protected by the registry process.

Furthermore, the motion to dismiss does not charge plaintiff with violating the provisions of Chapter 18, Title 54, Code of Virginia, regulating real estate brokers and salesmen, although the point is made in defendant's memorandum. Also, the mere fact of plaintiff's negotiations and contract with defendant does not amount to a violation of Chapter 18.

This point might also have been raised in the Missouri pleading as a plea in bar and is now foreclosed.

In further support of its motion to dismiss, defendant relies upon § 13.1-119, Code of Virginia. In their present posture, the pleadings do not reflect, and the court cannot determine without further evidence, whether the contract was negotiated, or finalized or executed by plaintiff within the State of Virginia. If not, plaintiff cannot be said to be doing business within the State and is not affected by § 13.1-119. On the other hand, if plaintiff's representatives did operate within the State for the purpose of so contracting, which is the vital function of plaintiff, then it would be subject to § 13.1-119.

However, that section has been construed to permit a foreign corporation to domesticate during the pendency of litigation. See *Video Engineering Co.* v. *Foto-Video Electronics, Inc.,* 207 Va. 1027 (1967).

In any event, plaintiff will be accorded a reasonable time within which to domesticate, during which these proceedings will be stayed.

If counsel cannot agree whether plaintiff is or was doing business within the State, evidence will be taken either during the next term or during vacation by agreement of counsel upon application to the Clerk for a date.