**Wilson P. MOORE, Plaintiff,**

v.

**NORTHERN HOMES OF PENNSYLVANIA, INC., et al., Defendants.**

**Civ. A. No. 77–0242(R).**

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 25, 1978.

William D. Elliot, Hazlegrove, Dickinson & Rea, Roanoke, Va., for plaintiff.

Edward B. Lowry, Michie, Hamlett, Donato & Lowry, Charlottesville, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

DALTON, District Judge.

■ Plaintiff has filed a motion to dismiss the counterclaim of defendant Northern Homes of Pennsylvania, Inc. (Northern), for the reason that Northern has never obtained a certificate of authority from the Virginia State Corporation Commission, has no registered agent in the state of Virginia, and is therefore barred from maintaining any action, suit, or proceeding in any court in the state°of Virginia, including the United States District Court for the Western District of Virginia, by virtue of Section 13.1–119 of the Code of Virginia, 1950, as amended to date. Section 13.1–119 of the Code of Virginia, 1950, reads in part: "No foreign corporation transacting business in this State without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority." Jurisdiction of this court over this action is founded in diversity of citizenship. Therefore, this statutory qualification on the right to maintain suit in the courts of Virginia applies with equal effect in this court. *Rock-Ola Manufacturing Corp. v. Wertz,* 249 F.2d 813 (4th Cir. 1957); *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949).

Northern does not deny that it is a foreign corporation transacting business in this State nor that it has never obtained a certificate of authority to do business in Vir-

ginia. Instead, its response is that the motion to dismiss should be denied because of the failure of the plaintiff to file it within the period authorized by the Federal Rules of Civil Procedure. Northern filed its counterclaim against plaintiff on December 27, 1977. Plaintiff filed his reply to this counterclaim on January 12, 1978. Since that time plaintiff has submitted interrogatories to Northern, as well as requests for production of documents and admissions. Northern has answered plaintiff's request for admissions and certain interrogatories and has objected to other interrogatories and the request for production of documents. On September 6, 1978, plaintiff filed the motion now before this court.

■ Rule 12(b), F.R.Civ.Proc., states in part, "that the following defenses may at the option of the pleader be made by motion: 1) lack of jurisdiction over the subject matter, 2) lack of jurisdiction over the person, 3) improper venue, 4) insufficiency of process, 5) insufficiency of service of process, 6) failure to state a claim upon which relief can be granted, 7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted." Plaintiff's reply to Northern's counterclaim is permitted under Rule 12(a). However, it is not at all clear whether the defense plaintiff raises falls within the enumerated categories. These defenses are not exclusive, and the adoption of Rule 12 did not abolish all other motions which hencetofore could have been raised. 2A Moore's Federal Practice ¶ 12.08[3], p. 2264 (1975). Furthermore, Rule 12(b) should·be read in conjunction with Rule 12(h), which states:

"(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.[1]

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.
(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of . the subject matter, the court shall dismiss the action."

Therefore, it appears that the question which Northern should address to this court is not whether plaintiff's motion to dismiss was timely filed,· but whether plaintiff's failure to raise the asserted defense prior to or contemporaneous with his reply to Northern's counterclaim waived his right to raise it at this time.

The court might decide this question by its characterization of plaintiff's defense. For instance, Va.Code § 13.1–119's proscription that no unauthorized foreign corporation doing business in Virginia be permitted to maintain any action in any court of this State might be interpreted as taking away from Northern its capacity to sue in this court. See Rule 9(a), F.R.Civ.Proc. In that case, plaintiff's failure to make a timely objection renders the defense waived. *Summers v. Interstate-Tractor and Equipment Co.*, 466 F.2d 42, 49–50 (9th Cir. 1972). To dispose of plaintiff's motion on the basis of such labeling, however, does little more than grind a hole to fit an odd-shaped peg. The problem requires more careful analysis.

*Woods v. Interstate Realty Co., supra,* is one of a number of cases applying the policy set forth in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), that a federal court whose jurisdiction is invoked by virtue of the diversity of citizenship of the parties before it should apply the substantive law and policy of the State in

---

1. The time in which plaintiff might have amended his reply to Northern's counterclaim as a matter of right has expired.

which it sits. This policy itself seems to raise another question of labeling—Is the State rule of law being examined substantive or procedural? Even while dissenting from the decision in *Woods*, Justice Rutledge properly stated the analysis which should be used:

"The real question is not whether the separation [between substantive and procedural rules] shall be made, but how it shall be made, whether mechanically by reference to whether the state courts' doors are open or closed, or by consideration of the policies which close them and their relation to accommodating the policy of the *Erie* rule with Congress' power to govern the incidents of litigation in diversity suits." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 557, 559, 69 S.Ct. 1221, 1232, 93 L.Ed. 1528 (1949) (Rutledge, J., dissenting).

The Court in *Woods* found that a Mississippi statute similar to Virginia Code § 13.-1–119 was an expression of that state's substantive policy that foreign corporations failing to comply with its law requiring the designation of agents to receive service of process should not themselves be allowed recourse in the courts of that State. Therefore, the federal courts sitting in diversity suits in Mississippi must adopt the same policy for themselves. "[W]here in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court. The contrary result would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts. It was that element of discrimination that *Erie R. Co. v. Tompkins* was designed to eliminate." 337 U.S., at 538, 69 S.Ct. at 1237. The Fourth Circuit made clear in *Rock-Ola Manufacturing Corp. v. Wertz, supra,* that *Woods* required the application in federal courts in Virginia of Va.Code § 13.1–119.

In essence, what this court is required to do by these decisions is to decide the issues raised by plaintiff's motion to dismiss and defendant's response to that motion as would the courts of the Commonwealth of Virginia.

The Supreme Court of Virginia has interpreted the pertinent portion of Va.Code § 13.1–119 in only one case. In *Video Engineering Co. v. Foto-Video Electronics, Inc.*, 207 Va. 1027, 154 S.E.2d 7 (1967), plaintiff, an out-of-state corporation had filed a petition in the Circuit Court of Arlington County for an attachment of certain property belonging to defendant. Defendant filed a plea in abatement, alleging that plaintiff was doing business in Virginia without having obtained a certificate of authority and was thus not entitled to access to Virginia courts. Plaintiff thereafter obtained a certificate of authority to transact business in the State. The Circuit Court sustained defendant's plea in abatement and dismissed the proceeding. The Virginia Supreme Court reversed that decision, stating that "when plaintiff obtained a certificate of authority to engage in business in Virginia after instituting this action, the barrier set out in Code § 13.1–119 was removed and plaintiff was afforded access to the court below to continue its action against the defendant." 154 S.E.2d, at 9–10.

This holding relied strongly upon the Court's earlier interpretation of a similar provision in Virginia's assumed or fictitious name statute. Va.Code § 59.1–69 et seq. That statute provides that persons or corporations doing business in Virginia under an assumed name must obtain a certificate of authority to do so from the State Corporation Commission and file the same with clerk of court in the jurisdiction where such business is to be conducted. Va.Code § 59.1–69. One of the penalties provided for non-compliance by a person or corporation is that "no action shall be maintained in any of the courts in this State by any such person, corporation or his or its assignee or successor in title unless and until the certificate required by this chapter has been filed." Va.Code § 59.1–76. This provision as earlier codified (Va.Code 1942, Michie, section 4722(1)) had been interpreted in *Phlegar v. Virginia Foods, Inc.*, 188 Va. 747, 51 S.E.2d 227 (1949). Plaintiff in that case sued for damages from defendants' alleged

violation of state antitrust laws, bringing the action as "Susie B. Phlegar, trading and doing business as Mercantile Cash Store". The defendants all filed their pleas in answer to plaintiff's complaint. After that, plaintiff obtained the certificate required by the assumed name statute. Defendants then moved to dismiss for plaintiff's failure to comply with the statute prior to bringing the action. The Virginia Supreme Court held that filing even after institution of the suit was sufficient to protect plaintiff from dismissal. In language later quoted by the Court with respect to Va.Code § 13.1–119 in *Video Engineering Co., supra*, at 9, Justice Spratley stated,

> ". . . As amended, the statute does not render the cause of action illegal. It is not the right to begin the action, but the right to maintain it, that is withheld for failure to comply with its terms. It takes no right away from the offending party after compliance. When its terms are met, the barriers theretofore existing are removed." 51 S.E.2d, at 229–230.

While plaintiff in *Phlegar* did not argue that defendants had waived their right to raise the defense of plaintiff's non-compliance with the assumed name statute, it is clear that neither the trial court nor the Virginia Supreme Court objected to the fact that defendants did not file their motion to dismiss until after the completion of the pleadings. It is clear from the language of the decisions quoted above that the prohibition of non-complying corporations maintaining law suits in Virginia courts is not so much a defense available to a litigant's adversaries, and therefore plausibly waivable, but is rather an absolute bar to the offender's use of the courts to press its claim until compliance with the statutes is effected.

Therefore, this court cannot dispose of plaintiff's motion to dismiss Northern's counterclaim as Northern's counsel suggests. However, in light of the interpretation given to Va.Code § 13.1–119 by the Virginia courts, the court will allow Northern 30 days to effect compliance with that statute [2], at which time plaintiff's motion to dismiss may be denied.

---

**2.** See Va.Code § 13.1–106 (1950), as amended.