## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

C. M. Productions

v.

Milne

C. M. Productions

v.

Fitzgerald

June 23, 1980

Cases No. (Law) 5975, 5976

By JUDGE ALBERT H. GRENADIER

These cases were appealed from the General District Court for the City of Alexandria, which denied the right of the plaintiff to proceed by interrogatories to determine the nature, extent and location of the defendants' assets. The plaintiff claims in each case that it has a valid judgment and thus has the right as a matter of law to propound such interrogatories. The defendant avers that the original judgments taken in the General District Court will not support these interrogatories because when the judgments were taken the plaintiff was not a viable legal entity.

The Virginia cases clearly point out that noncompliance with the Virginia Fictitious Names Statute (Sec. 59.1-69 Va. Code) does not constitute a bar to the action if there is compliance with the statute at

some time before the entry of the final judgment. *City of Norfolk* v. *Stephenson*, 185 Va. 305, 315 (1946); *Phlegar* v. *Virginia Foods, Inc.*, 188 Va. 747, 751 (1949). These cases are consistent with the language of § 59.1-76 of the Virginia Code which provides that ". . . no action shall be maintained in any of the courts in this State. . . unless and until the certificate. . . has been filed."

It does not appear that the failure of the defendant to raise non-compliance with the statute can constitute a waiver of this Code requirement. The United States District Court for the Western District of Virginia in *Moore* v. *Northern Homes of Pennsylvania, Inc.*, 80 F.R.D. 278 (W.D.Va. 1978), noted that the prohibition against a corporation which fails to comply with the statute from maintaining a suit in the Virginia courts is not so much a defense available to that corporation's adversary, which may plainly be waived, but is rather an absolute bar to the offender's use of the courts until compliance with the statute is effected.

In this case, if the plaintiff had complied with the provisions of the statute prior to the entry of the judgment, the judgment would have clearly been valid. The plaintiff's compliance with the statute after the rendition of the judgment does not and cannot validate the judgment.

In the case of *Leckie* v. *Seal*, 161 Va. 215 (1933), the Court held that a judgment taken against a nonexistent corporation was void. The Court said:

> In our opinion, it is no longer an open question in Virginia that it is essential in order to obtain a valid judgment against the real owner, when trading under an assumed name, that the pleading should aver the name of the real owner; that the proof should sustain the allegation, if controverted; and that judgment should be entered against the defendant in his or its true name . . . it seems to be recognized that suit brought by or against a corporation should be in the true name of the corporation.

6 

It is the Court's opinion that the judgments entered in these two cases are fatally defective and void. For this reason the plaintiff's motions for summary judgment are denied and the interrogatories filed herein quashed.