## CIRCUIT COURT OF HENRICO COUNTY

Retail Recruiters

v.

J. & I. Associates

August 25, 1982

Case No. 80-L-464

By JUDGE E. BALLARD BAKER

"Retail Recruiters - Spectrum, a Division of Retail Recruiters International, Inc." started this case by Motion for Judgment, filed November 12, 1980.

On December 2, 1980, the defendant filed Grounds of Defense and a counter-claim against the plaintiff, identifying the plaintiff exactly as set out in the Motion for Judgment.

The case involves a contract with respect to providing employees for the defendant, but the present issue does not relate to the merits of the claim or counter-claim.

On July 20, 1982, the case came on for trial. The defendant moved to dismiss, contending the named plaintiff had no authority to do business in Virginia, citing § 13.1-119. Plaintiff's counsel questioned the timeliness of the motion and moved to amend to show the plaintiff to be "Executive Recruiters, Inc., t/a Retail Recruiters - Spectrum" and asserted this was a Virginia corporation. The amendment was allowed

and evidence heard on the merits, the Court finding for the plaintiff.

Defense counsel suggested that the name change as to the plaintiff may be jurisdictional, and counsel have submitted authority on the point.

It does appear that Retail Recruiters International, Inc. is not the name of any corporation existing under the laws of Virginia or of a foreign corporation holding a certificate of authority to do business in Virginia. The same is true as to Retail Recruiters - Spectrum.

There is no denial that Executive Recruiters, Inc. is a Virginia corporation, and that the evidence heard on July 20, 1982, was offered after the Court had allowed Executive Recruiters, Inc. to be named as the plaintiff.

Section 13.1-119, relied on by the defendant, says that

No foreign corporation transacting business in this State without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority . . .

In Video v. Foto-Video, 207 Va. 1027, the Supreme Court held that this section applies only to maintaining a law suit and that a foreign corporation without a certificate of authority is not barred from filing a law suit. Thus, the filing of the Motion for Judgment by Retail Recruiters is not barred by the section.

On July 20, 1982, there was a properly brought law suit before the Court. When defendant's Motion to Dismiss was filed on July 20, 1982, there was a proper law suit pending. At that time, counsel for the plaintiff questioned the timeliness of the motion and moved to amend to recite the proper name of the plain-

tiff, which is a Virginia corporation. This amendment was allowed. Rule 1:8.

The defendant does not allege any prejudice from the amendment. Nothing was changed so far as the merits of the case are concerned.

After the evidence was heard, the Court stated it would give judgment to the plaintiff, subject to the defendant citing authority that the change in name was jurisdictional. As § 13.1-119 does not prevent the bringing of the law suit in the style brought, there does not appear to be any jurisdictional issue. The change of name was merely an amendment, resulting in no prejudice to the defendant.