## CIRCUIT COURT OF LEE COUNTY

Landfill One, Inc.

v.

Cynthia Bailey,
Executive Director,
Department of Waste Management
    and
Lee County Board of Supervisors

October 3, 1990

Case No. (Chancery) 9008-160

By JUDGE J. ROBERT STUMP

This case involves an application for a permit to operate a landfill in Lee County, Virginia. New state statutes and county ordinances were enacted after the application was filed, which significantly affected the rights of all parties. The issues include whether the Lee County Board of Supervisors by its failure to act waived its objection to compliance by the applicant with its land use ordinances and whether those local ordinances are constitutional.

On October 11, 1989, Landfill One, Inc., filed a bill of complaint, "action for injunction," against Cynthia Bailey, Executive Director, Department of Waste Management (Director/DWM), and three employees of DWM (subsequently dismissed as party defendants), requesting the court order the Director to consider its application for a landfill

operation permit to be complete without the necessity for a "certification" from the governing body of Lee County per § 10.1-1408.1 that the proposed solid waste management facility complies with all local ordinances.

On February 7, 1990, Lee County Board of Supervisors filed a motion to intervene, which the court allowed over objection of Landfill One. Landfill One filed an amended bill of complaint against the Director/DWM and Lee County Board of Supervisors, as intervening party defendant. Landfill One requested that the court: (1) mandate the Director to process its permit without certification of compliance with all local ordinances by the Lee County Board of Supervisors; (2) declare that Lee County Board of Supervisors waived site approval objection to Landfill One's application for permit per Code § 10.1-1048.1 in effect both before and after July 1, 1989; and (3) declare the Lee County local ordinances unconstitutional.

The Director filed a demurrer and motion to dismiss. Both Landfill One and Lee County Board of Supervisors have filed motions for summary judgment, alleging no disputed facts. All parties have admitted as true plaintiff's exhibits A through E and 1 through 15.

Upon considering the file, pleadings, exhibits, case and statutory laws and voluminous briefs of counsel, the court makes the following findings of fact and conclusions of law.

1. *Pursuant to Virginia Code Sections 10-271 and 10.1-1408.1 in effect prior to July 1, 1989, Lee County failed to timely object before and after the adoption of its two landfill ordinances and therefore waived its right to object to the issuance of "Part A Application," site approval, of Landfill One's permit.*

On May 4, 1988, Landfill One filed with the Director/DWM an application for a permit for a sanitary landfill facility in Lee County, Virginia. Virginia Code § 10-271 was in effect at this time but was repealed and reenacted as § 10.1-1408.1 effective July 1, 1988, but contained the same legal language. The statute required the Director (which she did) to notify the governing body of Lee County of the pending application; and provided that no permit could be issued until the county notified the Director

within thirty days that the location of the proposed facility was consistent with all ordinances governing the local use of land. § 10.1-1408.1 (as well as § 10-271) further provided that the failure of the locality to provide notification within this thirty-day period constituted a waiver of any objection the local governing body may have had to the issuance of the permit on the basis of a conflict with a local land use ordinance.

The Lee County Board of Supervisors failed within thirty days and has never notified the Director per Section 10-271 or § 10.1-1408.1. Therefore, plaintiff argues Lee County waived its objections.

Lee County admits and argues that on August 1, 1973, the Board of Supervisors adopted a zoning ordinance establishing two zoning districts in Lee County, neither of which permitted as a matter of right a public or private landfill. Therefore, Lee County had a zoning ordinance in existence at the time of the required certification and owed a duty to object to the Director within thirty days of the notification, which it failed to do. Therefore, pursuant to § 10-271 and § 10.1-1408.1(B), the governing body of Lee County waived its "objections to issuance of a permit which are based on conflict with a local ordinance."

The court's opinion above is based on the Virginia Supreme Court case of *Notestein v. Board of Supervisors of Appomattox County*, 240 Va. 146 (1990), which facts and conclusion are different but controlling herein, as hereafter discussed in detail.

At the time of notification in May of 1988, Lee County did not have any ordinances positively prohibiting nor allowing a private landfill under certain conditions. It could be argued that since Lee County had no ordinances prohibiting a landfill at the time of notification that Lee County could not waive a right which did not exist. "The County cannot be deemed to have waived its right to object to the issuance of a permit because no zoning ordinance existed at the time of the required certification." *Notestein, supra*, 240 Va. at p. 154. But this court arrives at the same opinion as stated above because after Lee County enacted ordinances, prohibiting and/or restricting private landfills, it continued to fail to object to the Director per § 10.1-1408.1(B).

On August 25, 1988, Lee County by emergency legislation per § 15.1-504 adopted two ordinances: "Solid Waste Ordinance # 1-1988," which made it "unlawful to establish, maintain, or operate a private dump or landfill in the territorial boundaries of Lee County, Virginia, after August 25, 1988"; and "Waste Ordinance # 2-1988," which made it "unlawful for any private person to establish, operate or maintain any solid waste disposal facility without the expressed approval of the Lee County Board of Supervisors," and specified seven pages of regulations for approval. These two ordinances were readopted November 10, 1988, and permanently adopted December 9, 1988.

Upon adoption of these two somewhat conflicting local ordinances -- prohibiting and allowing private landfills under certain conditions -- did the Lee County Board of Supervisors owe a continuing legal duty per § 10.1-1048.1(B) to notify the Director of the newly-enacted ordinances? This court is of opinion that Lee County owed this duty and, having failed to do so, constituted "a waiver of the governing body's objections to issuance of a permit which are based on conflict with a local ordinance."

The facts in *Notestein, supra,* were that the applicant filed for a landfill permit per § 10.1-1408.1 with DWM in February, 1988. The Director advised Appomattox County by letter dated February 17, 1988, that the County must notify her within thirty days and its failure would constitute a waiver of objections. On August 22, 1988, the County adopted a zoning ordinance which placed the Notesteins' property in an agricultural classification in which a landfill is not a permitted use. "After the enactment of the zoning ordinance, the County sent a letter to the Director of the Department and informed her of the newly-enacted ordinance. The County advised the Department that operation of the landfill on the Notesteins' property was now inconsistent with the County's zoning ordinance and requested that the Department deny the Notesteins' application." 240 Va. at p. 150.

The facts in *Notestein* and this case are significantly different, but the law and application of the facts control this opinion. *Notestein* held that you cannot waive a right if no right exists, which is good common sense. But when that right comes into existence (the County adopts a zoning ordinance), the County must object within thirty days

(as Appomattox County did in the *Notestein* case) or waive that right (as Lee County did herein failing to timely object).

This conclusion becomes more clear and logical in view of the ongoing, continuing landfill permit application process with the knowledge of Lee County between Landfill One and the Director/DWM from May, 1988, through December, 1988. By letter dated December 16, 1988, DWM approved "Part A Application" submitted by Landfill One, which included the site suitability for the proposed facility. Further DWM's letter notified Landfill One to address to one of its employees any questions regarding "Part B Application," which involved the detailed engineering design and operating plans for the proposed facility. See Exhibits D, 7A, and 8A.

Landfill One and DWM met in Richmond on March 7, 1989, concerning "Part B Application" and thereafter met again, at which time DWM advised Landfill One that "Part B Application" was approved except for a variance request. The Director published a notice by radio and newspaper on July 26, 1989, of the intent to grant a variance. DWM advised Landfill One that permit would be granted no later than September 15, 1989.

However, by letter dated August 28, 1989, the Director notified Landfill One that pursuant to an Attorney General opinion and newly-amended § 10.1-1408.1(B) on July 1, 1989, "the Department must have certification from the local governing body that the proposed solid waste management facility complies with all local ordinances before it can consider an application complete. Inasmuch as Landfill One, Inc., has not submitted such a certification from Lee County, the Department is suspending review of its landfill application. No further action will be taken on the permit application itself or the variance request. Once Landfill One, Inc., has provided the required certification, the Department will resume review of the application." See Exhibit 12.

2. *In addition Landfill One has established its claim to a vested property right in "Part A Application," site approval.*

The Director/DWM had approved on December 16, 1988, Landfill One's "Part A Application" site approval. Therefore, "a governmental entity [the Director here] had committed a significant official act [approved Part A, site approval here]: the issuance of a permit [partial permit here] which allowed the permittee [Landfill One here] to conduct a 'use' on its property which otherwise would not have been allowed." *Notestein, supra,* 204 Va. at p. 152.

"A vested right is not dependent on any future act, contingency, or decision to make it more secure." *Bain v. Boykin,* 180 Va. 259 (1942). Here the Director approved the site in Part A of the application and had moved on to process Part B. Even though Part B of the permit had not been approved, there was no future decision, act, or contingency to make the siting approval more secure in Part A. *See* Exhibit 7A.

Landfill One, relying in good faith on the Director, expended large sums of money and hired engineers and consultants to assist with geotechnical and hydrogeological studies of its property to obtain approval of Part A. See *Fairfax County v. Medical Structures,* 213 Va. 355 (1972); and *Fairfax County v. Cities Service,* 213 Va. 359 (1972).

3. *Since Landfill One's application for Part B, engineering design and operating plans was still pending with the Director/DWM on July 1, 1989, when amended Section 10.1-1408.1(B) was enacted, the new statutory requirement continues to apply only to Part B, and the applicant must obtain "certification" for the Director from Lee County that the "operation" of the landfill is consistent with all applicable ordinances.*

See Attorney General Opinion August 8, 1989; and *Ziffrin v. U. S.,* 318 U.S. 73 (1943).

4. *Pursuant to amended Section 10.1-1408.1(B) read in conjunction with Section 15.1-11.02, both effective July 1, 1989, the governing body of Lee County failed to act*

*within 120 days after Landfill One filed its application, which failure constituted a granting of site approval.*

On December 31, 1989, Landfill One filed an application with the Lee County Board of Supervisors. On January 2, 1990, the Lee County attorney wrote to Landfill One and told its president, "we are returning the application for two reasons": (1) Landfill One filed suit challenging Lee County's siting ordinance, and while this litigation is pending, we will not accept any application based on the ordinance; and (2) Landfill One must obtain a variance from our ordinance that prohibits private landfills in Lee County. See Exhibit 15.

The Lee County attorney's letter was defective for several reasons and did not constitute objection by "the governing body."

Landfill One's initial bill of complaint did not include Lee County as a party defendant and did not directly attack the Lee county ordinances. The Virginia Supreme Court case of *West v. Mills*, 238 Va. 162 (1989), cited by Lee County is not applicable. The required 120 days for Lee County to object had expired on May 5, 1990, per Section 15.1-11.02 before: (1) the order dated July 20, 1990, was entered, allowing the Lee County Board of Supervisors to intervene; and (2) the filing of Landfill One's amended bill of complaint on July 16, 1990, attacking the Lee County ordinances as unconstitutional.

Virginia Code § 15.1-11.02 provides that "within 120 days of the receipt of an application . . . the governing body shall grant or deny siting approval." Here "the governing body" did nothing, only its county attorney acted without official or legal approval. Also, the governing body did not "grant or deny siting approval"; the county attorney merely returned the application.

Furthermore, pursuant to § 10.1-1408.1(B), amended July 1, 1989, "The governing body *shall inform* the applicant *and the Department* of the facility's compliance or noncompliance not more than 120 days from receipt of a request from the applicant." (Emphasis mine.) The "governing body" of Lee County failed to inform "the Department" within the required 120 days.

The Lee County attorney acted with neither authority nor ratification from the Board of Supervisors, which

"governing body" never officially "acted" on Landfill One's application, and after the 120 days expired, waived their right to object to siting approval per § 15.1-11.02.

*5. Landfill One has no standing; this court has no jurisdiction; and plaintiff has failed to properly allege that the Virginia solid waste management program violates the Federal Solid Waste Management Act.*

*6. Landfill One's constitutional challenge to Lee County ordinances and its challenge to the Director's inaction consolidated in one case is not multifarious.*

Judicial findings concerning the constitutionality of ordinances and waiver of objections by Lee County are determined by the court to be necessary before the Director can continue processing "Part B Application."

Landfill One amended its complaint to attack the Lee County ordinances' constitutionality only after Lee County entered this case at its own request over the objection of Landfill One and with the court's complete concurrence. It would not be judiciously expedient to dismiss this case and ignore these important issues which of necessity would have been decided in a separate action and which significantly affect the rights of Landfill One, the Director, and Lee County.

*7. The three Lee County 1988 and 1989 landfill ordinances are not unconstitutional.*

It is a well-settled presumption that statutes and ordinances are valid and constitutional. The challenger of the constitutionality of a law carries the burden of proof. Here Landfill One failed to allege and prove the Lee County ordinances are unconstitutional on their face.

These ordinances do not violate the commerce clause of the Virginia or United States Constitutions and do not discriminate against out-of-state waste, nor favor one class of persons over others.

These ordinances prohibiting and regulating private landfills fall within the scope of the general police powers, the state's and county's inherent right and authori-

ty to promote the health, safety, and general welfare of its inhabitants. § 15.1-510 et al. ,

Although the wording and meaning of the Lee County ordinances conflict, there is no legal mandate to declare them unconstitutional for this reason. The ordinances must be read together to determine their common sense meaning. Portions of or all of one ordinance may be repealed by subsequent ordinances. This occurred by express language in the Lee County ordinances. It is apparent and *the court finds that Ordinance # 1-1988, which absolutely prohibits all private landfills in Lee County, has been repealed by the two subsequent ordinances, which allow landfills with the approval of Lee County but subject to several conditions, restrictions, and regulations.*

8. *The Doctrine of Sovereign Immunity bars this action and does not permit injunctive relief against the Director of Landfill One.*

9. *Pursuant to the Virginia Administrative Process Act, the Director's letter dated August 28, 1989, to Landfill One was not a "final case decision" subject to judicial review.*

The Director merely suspended review of the landfill application until Landfill One provided the "certification" per § 10.1-1408.1(B) as amended July 1, 1989. Landfill One had the duty to obtain this "certification" from Lee County and submit it to the Director before she could further act on the permit. The Director's letter ripened the legal issues decided herein.

Wherefore, the court sustains the Director's demurrer and motion to dismiss Landfill One's amended bill of complaint. This matter will not be remanded to the Director/DWM per the APA. *The court will not issue a writ of mandamus,* but the Director should continue the review process of "Part B Application" upon Landfill One's complying with Section 10.1-1408.1(B), as amended July 1, 1989 (with the exception that siting approval has been granted and waived by this court's findings).

Lee County's motion for summary judgment is sustained, and Landfill One's motion for summary judgment is denied

concerning the court's finding that the Lee County ordinances are constitutional.

Landfill One's motion for summary judgment is sustained, and Lee County's motion for summary judgment is denied concerning the court's findings: (1) the waiver of Lee County's objections to "Part A Application," site approval, pursuant to §§ 10.271 and 10.1-1408.1(B) prior to and subsequent to July 1, 1989; and (2) Landfill One's vested property right in "Part A Application," site approval.

All the parties shall act accordingly considering the findings of fact and conclusions of law determined herein.