# Richmond

## AVERY KENNETH McINTOSH v. COMMONWEALTH OF VIRGINIA.

October 9, 1972.

Record No. 8031.

Present, All the Justices.

*Mosby G. Perrow, III; John R. Alford (Caskie, Frost, Davidson, Hobbs & Hamblen,* on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

POFF, J., delivered the opinion of the court.

On December 7, 1971, defendant, Avery Kenneth McIntosh, was convicted and sentenced to one year in the penitentiary under an indictment presenting that, on July 3, 1971, he unlawfully operated a motor vehicle while an order of the circuit court adjudging him to be an habitual offender and forbidding him to operate a motor vehicle was in effect, in violation of § 46.1-387.8 of the Code. Section

46.1-387.7 provides that no operator's license shall be issued to an habitual offender for a period of ten years or thereafter, except upon order of a court of record.

Section 46.1-387.2 itemizes the several offenses for the convictions of three of which, within the prescribed time frame, a driver may be adjudged an habitual offender. At the time the habitual offender order was entered against defendant, § 46.1-387.2(a)(5) listed a violation of § 46.1-349 (operating a motor vehicle without a license) as one of the definitional offenses. One of the three convictions which jointly were the predicate for the habitual offender order entered against appellant involved a violation of § 46.1-349.

The 1970 session of the General Assembly repealed § 46.1-387.2 (a)(5). Acts 1970, c. 507.

■ Appellant argues that the Habitual Offender Act is a remedial statute; that the 1970 statute repealing a part of the Act is itself remedial; that the 1970 repealer was intended by the General Assembly to have retrospective as well as prospective effect; that the retrospective impact vitiated the 1969 order; and that he could not properly be convicted of violating such an order.

Appellant urges that the trial court erred in admitting into evidence as Exhibit #1 the order entered against him on June 30, 1969.

We find no such error.

Whether the original 1968 Habitual Offender Act was remedial and retrospective does not determine whether the 1970 amendment to the Act was remedial or retrospective with the effect urged by the appellant.

If we assume *arguendo* that the 1970 statute is remedial in the sense that it relieves traffic violators of one of the definitional bases of the habitual offender status, it does not follow that the 1970 statute was intended to have the kind of retrospective effect suggested by appellant. In *Ferguson v. Ferguson,* 169 Va. 77, 192 S.E. 774 (1937), we said:

> "There appears to be no good reason for excluding statutes of limitation, or remedial statutes, from the general rule, that retroactive or retrospective legislation is not favored, in the absence of any words expressing a contrary intention. Undoubtedly, the legislature may declare a statute dealing with remedial legislation, or one not affecting vested rights, to have a retroactive operation. It is reasonable to conclude that the failure to express an intention

to make a statute retroactive evidences a lack of such intention. *Id.* at 86-87, 192 S.E. at 777.

*See also Duval* v. *Malone,* 55 Va. (14 Gratt) 24 (1857); *Richmond* v. *Sup'rs of Henrico County,* 83 Va. 204, 2 S.E. 26 (1887); *Jones* v. *Commonwealth,* 86 Va. 661, 10 S.E. 1005 (1890).

Nothing appears from the face of the 1968 Habitual Offender Act or its legislative history to suggest that the General Assembly intended that subsequent amendments would, *sub silentio,* vitiate lawful final orders previously entered under the Act. Facially, the 1970 amendment is prospective only. Nothing in its legislative history manifests an intent to give it retroactive effect. Indeed, the public policy goals stated in the 1968 Act and left undisturbed in the 1970 amendment manifest a contrary intent. To paraphrase § 46.1-387.1, the Act seeks to promote maximum highway safety and to deny driving privileges and impose extended sanctions upon those who have demonstrated their indifference to the safety of others and their disrespect for the laws of the Commonwealth.

If this Court were now to infer what nowhere appears on the record, viz., a legislative intent to make the 1970 amendment retroactive so as to authorize collateral attacks on final orders lawfully entered under the 1968 Act, our construction would be a sheer invention, a trespass upon the legislative domain and an incursion upon the field of policy making.

Appellant relied on *Bain* v. *Boykin,* 180 Va. 259, 23 S.E.2d 127 (1942). That case is distinguishable from the case at bar. In *Bain,* we held that when a civil statute is amended during the pendency of an appeal, this Court will apply the statute as amended. Here, the statute which was violated, § 46.1-387.8, has not been amended.

Appellant argues further that unless the 1970 statute is given the retroactive effect he seeks, the amended Habitual Offender Act works an invidious discrimination against him and creates an irrational classification of motor vehicle operators in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and the due process clause of the Constitution of Virginia.

We see no merit in this assignment of error.

True, when the 1970 amendment is applied prospectively only, the Habitual Offender Act as amended creates different classifications between motor vehicle operators who have identical records of traffic offenses. One class consists of those who were, by due process

of law, adjudged by a court of record to be recidivist traffic offenders; the other class consists of drivers whose records of offenses may be identical to those in the first class but who, prior to the 1970 amendment, for one reason or another, were not adjudged recidivists, or who, since the 1970 amendment, cannot be adjudged recidivists.

The basis for the distinction between the classes is the adjudication. Immunity of final judgments from collateral attack is a legitimate, permissible state interest and one that is reasonably related to the classifications made by the General Assembly.

Nor is the appellant, because he is a member of one of the classes, a victim of invidious discrimination. So long as classifications are rational and serve a legitimate public policy purpose, and so long as a statute has no *ex post facto* impact, a statute may, without constitutional infirmity, affect different individuals at different times in different ways. The 1970 statute and the 1968 Act which it amends are civil in nature, and no question of *ex post facto* impact is involved. *Huffman v. Commonwealth*, 210 Va. 530, 172 S.E.2d 788 (1970).

We hold that the 1970 amendment which repealed § 46.1-387.2 (a)(5) does not operate retrospectively, either expressly or by necessary implication, and that the Habitual Offender Act, as amended, does not offend the provisions of the Fourteenth Amendment to the Constitution of the United States or the cognate provisions of the Constitution of Virginia.

Accordingly, the judgment of the trial court is

*Affirmed.*