**Alexandria**

LARRY WINFRED SHILLING, a/k/a

LARRY WAYNE SHILLING

v.

COMMONWEALTH OF VIRGINIA

No. 1191-85

Decided August 4, 1987

COUNSEL

William B. Moffitt; John A. Keats (Thomas Rawles Jones, Jr.; Lisa Bondareff Kemler; William F. Krebs; Moffitt & Jones; Keats, Krebs & Leckey, on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.** — Larry Winfred Shilling (appellant) appeals from judgments of the Circuit Court of Prince William County (trial court) which approved jury verdicts convicting him of separate offenses of unlawful distribution of methamphetamine on December 2, 1983 and January 12, 1984, and of conspiracy to distribute methamphetamine between November 22, 1982 and May 15, 1984. Although in his petition for appeal appellant alleged several errors we limited this appeal to the following issues: 1) whether

the trial court erred when it denied appellant's motion to dismiss pursuant to Code § 19.2-294; and 2) whether under the indictments and facts proved in support of the conspiracy charge, Code § 18.2-23.1 is a bar to the prosecution of that charge.

Commonwealth of Virginia (State) proceedings began when State police authorities joined with Federal officers to investigate illegal drug activities in the Roanoke, Virginia area. As a result of initial investigations, Roanoke city police obtained a State court order on March 17, 1983 to view the toll records of appellant's home telephone. This was followed by a further State court order on May 28, 1983 authorizing the installation of a pen register on that telephone. On July 7, 1983, another State court order was obtained to view the telephone toll records for a second residence of appellant, and on October 4, 1984 a State order was obtained to install a pen register at appellant's second residence. As a result of these records and telephone taps, undercover agents were able to purchase controlled substances from appellant which led to appellant's State indictment and arrest on May 14, 1984. Appellant was charged with having illegally distributed methamphetamine on December 2, 1983 and January 12, 1984, and for conspiracy to distribute methamphetamine between those dates. Subsequently, without notice to appellant and in an *ex parte* hearing, the conspiracy indictment was amended to cover the dates November 22, 1982 through May 15, 1984.

In April 1984, Federal and State prosecutors agreed that the matters covered by the May 14, 1984 State indictments would be prosecuted by the State and the proceedings would be instituted by the Roanoke Commonwealth Attorney in a State court. It was further agreed that Federal agents would obtain a search warrant for appellant's residence and prosecute for any Federal violations discovered, as well as for any tax violation arising out of the several investigations. In the following month, on May 11, 1984, a Federal search warrant for appellant's residence was obtained and a search was made on May 14, 1984, simultaneously with appellant's arrest pursuant to the State indictments.

On June 21, 1984, appellant was indicted by a Federal grand jury for possession of methamphetamine with intent to distribute on May 14, 1984; however, that matter was dismissed in August 1984, without a trial.

On January 29, 1985, the State conspiracy indictment returned on May 14, 1984, was quashed. On February 4, 1985, the matter was again presented to a State grand jury which returned a new indictment charging appellant with conspiracy to distribute methamphetamine from November 22, 1982 through May 15, 1984. This charge and the two distribution charges were transferred from Roanoke to Henrico County where on April 16, 1985, the prosecutions ended in a mistrial. The matters were then transferred to Prince William County where all three charges were heard by a jury beginning July 29, 1985. Appellant's convictions on all charges give rise to this appeal.

## I.

■ Appellant asserts that the issuance of a Federal search warrant on May 11, 1985, was a "proceeding" within the meaning of Code § 19.2-294, and that section thereafter barred any State prosecution for offenses which occurred prior to the issuance of the search warrant. The pertinent portion of Code § 19.2-294 on which he relies reads that "*if the same act* be in violation of both a state and a federal statute a prosecution or proceeding under the federal statute shall be a bar to a prosecution or proceeding under the state statute." (emphasis added).[1] We do not agree that under the facts of this case Code § 19.2-294 constitutes a bar to appellant's prosecution under State law.

The initial investigations were conducted jointly by Federal and State authorities. Thereafter, in April 1984, Federal and State authorities agreed that the State would prosecute for specific events which occurred prior to the agreement and Federal authorities would prosecute for matters discovered by a subsequently obtained search warrant, and for any federal tax violations which may have occurred. Federal authorities did not intend to and have not prosecuted or proceeded against appellant for conspiracy or distribution of methamphetamine on the dates encompassed by the State charges.

■ Using the same pertinent language of Code § 19.2-294, the appellant in *Owens v. Commonwealth,* 129 Va. 757, 105 S.E. 531 (1921) claimed immunity from prosecution. After briefly reviewing the history of the section the Supreme Court of Virginia af-

---

[1]  Code § 19.2-294 was amended effective July 1, 1987.

firmed the conviction and said:

> It is claimed for the accused that this statute creates an absolute bar, which may be invoked by persons prosecuted in the State courts *at any time before conviction, without any reference to the time when either prosecution was commenced. . . .* A construction which would thus enervate, impede and paralyze the administration of the criminal laws of the State should not be adopted unless the legislative intent to produce such a result is clearly indicated.

> Bearing in mind that the general rule has always been that *where courts have concurrent jurisdiction, the court which first takes jurisdiction always has priority and the right to conclude the specific litigation,* we assume that the legislature did not intend by the ambiguous language used to change this general and salutary rule. We, indeed, have no doubt, in view of these considerations, that the legislature only intended by the amendment to provide that if, when a prosecution under a State law was commenced, the accused could show that before that time there had been a prosecution or proceeding against him under a Federal statute *for the same act,* then that the prosecution in the State court should be barred, thus requiring as a matter of law what had theretofore rested within the discretion of the courts as a rule of comity. Thus construed, the statute imposes no undue restraint upon prosecutions either under the Federal or the State law, and at the same time effectuates the true legislative purpose sufficiently manifested by the act.

*Id.* at 760-62, 105 S.E. at 532 (emphasis added).

Even if we considered the procurement of a Federal search warrant as a "proceeding" within the meaning of Code § 19.2-294, the facts here disclose that it was not procured "for the same act" but rather for possible subsequent violations. The prosecutors clearly delineated the acts to be prosecuted by the State and those reserved for Federal action. Procuring the warrant on May 11, 1984 was not an act of prosecution or a proceeding related to the offenses for which appellant was indicted on May 14, 1984. The agreement clearly defined separate acts. The Court in *Owens* recognized that such agreements were the general practice of prosecutors for different jurisdictions. *Id.* at 759-60, 105 S.E. at 531. In

the case before us it is clear that no Federal prosecution or proceeding was begun for the same acts charged in the May 14, 1985 State indictments and, therefore, the State was the first and only sovereign to prosecute the charges constituting the basis for this appeal.

Appellant suggests that *Sigmon v. Commonwealth*, 200 Va. 258, 105 S.E.2d 171 (1958), requires reversal of appellant's convictions and constitutes a bar to further prosecution. We disagree. Sigmon was arrested as a result of joint Federal and State investigatory efforts. Contrary to the agreement in the case before us, in *Sigmon* the Federal and State prosecutors agreed that the charges against Sigmon would be disposed of "under federal statutes, in the United States District Court." *Id.* at 259, 105 S.E.2d at 173. Although charged and indicted by the United States for offenses alleged to have occurred in the counties of Floyd, Franklin and Appomattox, only the Floyd and Franklin charges were pursued. However, at sentencing the district judge was made aware of the Appomattox offense. When State officials became dissatisfied with the punishment inflicted on Sigmon, they obtained a State indictment for the offenses which occurred in Appomattox. In reversing Sigmon's conviction the Supreme Court of Virginia said:

> The provisions of the statute cannot be rendered ineffective merely because some State or Federal officer may be disappointed or disgruntled over the action taken by the court first assuming jurisdiction. The test is not whether the accused be convicted or acquitted. A prosecution in the State Court is barred if a "proceeding," a step in the process of prosecution, under the Federal statute, *has been first begun against him.*

> It seems clear that Sigmon having been arrested, confined in jail under a Federal warrant, having appeared before a United States Commissioner and waived preliminary hearing, having been held under bond to answer in the United States District Court, *and having had the facts of the charge against him stated to the Federal judge for consideration in fixing his punishment for other offenses,* has been subject to a "proceeding under the Federal statute," prior to any proceeding begun against him in the State Court.

*Id.* at 268, 105 S.E.2d at 179 (emphasis added). *Sigmon* is distinguishable from the case before us. Here, the affidavit in support of

the Federal search warrant, while reciting some of the events of the State prosecutions, was based on other information developed during the investigation. Viewing the purpose of Code § 19.2-294 as being to prevent an accused from being twice convicted for an identical offense, and considering the agreement made by the prosecutors which to this date still is in effect, for us to construe Code § 19.2-294 to bar State proceedings under the circumstances of this case would "enervate, impede and paralyze the administration of the criminal laws of the State." *Owens*, 129 Va. at 761, 105 S.E. at 532. We conclude that the State instituted its actions first and that Federal authorities have not instituted any proceeding for the same act. Accordingly, we hold that the trial court did not err in refusing to hold that Code § 19.2-294 constituted a bar to the prosecutions from which this appeal arose.

## II.

Appellant further argues that subsequent to the date the conspiracy is alleged to have occurred, but prior to his trial, the legislature enacted Code § 18.2-23.1[2] which prohibited the Commonwealth from prosecuting him on the conspiracy indictment. In response, the Commonwealth suggests that Code § 1-16[3] prevents appellant from successfully asserting Code § 18.2-23.1 as a bar because Code § 18.2-23.1 is a new law repealing the law in existence at the time the offense occurred, and the new law is prospective only. In addition, the Commonwealth argues that the substantive charges (underlying felonies) for which appellant was convicted were not the basis for the conspiracy conviction and

---

[2] Code § 18.2-23.1 provides:

Notwithstanding any other provision of this article or of § 18.2-256, in any case where a defendant has been tried and convicted of an act he has also conspired to commit, such defendant shall be subject to conviction only for the completed substantive offense and not thereafter be convicted for the underlying conspiracy.

[3] Code § 1-16 provides:

No new law shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

cites other acts by appellant disclosed by the record which are sufficient to support the conviction.[4]

The indictments charging that appellant illegally distributed methamphetamine on December 2, 1983 and January 12, 1984, were tried together with the indictment charging a conspiracy from November 22, 1982 through May 15, 1984.

> The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or suits and especially vested rights, unless the intention that it shall so operate is expressly declared. Accordingly, courts will apply new statutes to future cases only except when there is something in the very nature of the case or in the language of the new provision which shows that they were intended to have a retrospective action.

17 Michie's Jurisprudence *Statutes* § 73 (1979); *see also Ferguson v. Ferguson*, 169 Va. 77, 85-86, 192 S.E. 774, 776-77 (1937) (construing the provisions of the predecessor of Code § 1-16). Every reasonable doubt is resolved against a retroactive operation of a statute, and words of a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot be otherwise defined, and the lack of such intention is evidenced by its failure to express an intention to make the statute retroactive. 17 Michie's Jurisprudence *Statutes* § 73 (1979).

Appellant argues that Code § 18.2-23.1 is a remedial statute and, therefore, should be applied retroactively. Even if, *arguendo*, we made that assumption we would not agree that his prosecution should be barred under the facts of this case. In *McIntosh v. Commonwealth*, 213 Va. 330, 191 S.E.2d 791 (1972), Mr. Justice Poff, speaking for the Court, said:

> There appears to be no good reason for excluding statutes of limitation, or remedial statutes, from the general rule, that retroactive or retrospective legislation is not favored, in the

---

[4] That evidence was that on September 29, 1983, appellant and two others conspired to and did sell methamphetamine to an undercover agent.

absence of any words expressing a contrary intention. Undoubtedly, the legislature may declare a statute dealing with remedial legislation, or one not affecting vested rights, to have a retroactive operation. It is reasonable to conclude that the failure to express an intention to make a statute retroactive evidences a lack of such intention.

*Id.* at 331-32, 191 S.E.2d at 792. We find no words in Code § 18.2-23.1 which we could construe as legislative intent to override the presumption that new laws are to be prospective in their operation.

Our examination of the evidence in this record further reveals that independent of Code § 1-16 or the presumptions noted, there was sufficient evidence to remove this case from the provisions of Code § 18.2-23.1 even if we applied the statute retroactively. As noted, the indictments were tried simultaneously and the evidence concerning all three indictments was heard by the jury at the same time. No objection is raised that the trial court failed to instruct the jury that evidence relating to the distribution charges should not be considered in arriving at its verdict on the conspiracy charge. If appellant had made that request of the trial judge and it was granted, the conspiracy conviction could still be supported by the evidence of appellant's actions on September 29, 1983 for which no substantive offense charges were brought.

For the reasons stated the judgments of the trial court are

*Affirmed.*

Keenan, J., and Moon, J., concurred.