**Norfolk**

CONNIE P. FOSTER

v.

SMITHFIELD PACKING CO., INC.

and

AMERICAN MOTORISTS INSURANCE COMPANY

No. 0038-89-1

Decided April 3, 1990

COUNSEL

Robert E. Walsh (Rutter & Montagna, on brief), for appellant.

William W. Nexsen (Stackhouse, Rowe & Smith, on brief), for appellees.

OPINION

**BAKER, J.**—Connie P. Foster (claimant) appeals from an Industrial Commission (commission) decision which denied her claim for workers' compensation benefits on the ground that her claim was time-barred. We affirm the decision on other grounds.

Although claimant's application for a hearing, filed on March 28, 1988, asserted that she suffered from job related carpal tunnel syndrome which gradually developed beginning December 1, 1987, the commission found that she was first made aware of her condition on September 27, 1985, when a "communication of work related occupational disease (carpal tunnel syndrome)" was made to her. The evidence in the record supports this factual finding by the commission.

On appeal, claimant does not deny that on September 27, 1985 she was told that she had contracted carpal tunnel syndrome as a result of repeated trauma incurred in the course of her work. However, she argues that because she concluded from information given her that the disease was not at that time compensable[1] the "communication" was of a mere "physical malady," not an ordi-

---

[1] *See Western Electric Co. v. Gilliam*, 229 Va. 245, 329 S.E.2d 13 (1985).

nary disease of life which could be treated as a compensable occupational disease within the meaning of the workers' compensation laws. She further argues that, although there was no evidence of progression of the carpal tunnel syndrome condition when she was reexamined on December 1, 1987, the date of her reexamination became the date of injury by accident for all statutory compensation purposes.

Claimant further argues that the provisions of Code § 65.1-52(3), used by the commission to bar her claim, are not applicable because the legislature, in response to the *Gilliam* decision, enacted Code § 65.1-46.1 and that the amended provision permitted her to use December 1, 1987 as the date of injury by accident, rather than September 27, 1985. Code § 65.1-46.1 provides:

§ 65.1-46.1. "ORDINARY DISEASE OF LIFE" COVERAGE. — An ordinary disease of life to which the general public is exposed outside of the employment may be treated as an occupational disease for purposes of this Act if it is established by clear and convincing evidence, to a reasonable medical certainty, that it arose out of and in the course of employment as provided in § 65.1-46 with respect to occupational diseases and did not result from causes outside of the employment, and that:

1. It follows as an incident of occupational disease as defined in this title; or

2. It is an infectious or contagious disease contracted in the course of one's employment in a hospital or sanitarium or laboratory or nursing home as defined in subdivision 2 of § 32.1-123, or while otherwise engaged in the direct delivery of health care, or in the course of employment as emergency rescue personnel and those volunteer emergency rescue personnel as are referred to in § 65.1-4.1; or

3. It is characteristic of the employment and was caused by conditions peculiar to such employment. (1986, c. 378; 1989, c. 502.)

Upon receiving notice of the deputy commissioner's denial of her claim, claimant requested a review by the full commission. She argued that, as "a matter of law, she did not receive a diagnosis and communication that she suffered from an occupational disease on September 27, 1985, since at that time, the condition from

which she suffered, carpal tunnel disease, was by law not an occupational disease." We agree that on September 27, 1985 the diagnosis received by claimant was not classified as an occupational disease. We further agree that the record discloses that on September 27, 1985 she was suffering from carpal tunnel syndrome, an ordinary disease of life, which probably would have been held to be not compensable. We do not agree that by the enactment of Code § 65.1-46.1 the legislature intended to grant workers' compensation benefits to all persons who, prior to July 1, 1986, had contracted ordinary diseases of life which might be job related but for which condition no prior claim had been made. For that reason, the issue in this case is not whether Code § 65.1-52(3) bars her claim, but is, instead, whether the legislature by the enactment of Code § 65.1-46.1 intended to bestow benefits on those persons who, prior to July 1, 1986, had contracted ordinary diseases of life traceable to their work.

By enacting Code § 65.1-46.1, the legislature did not amend an existing statute. It added a new provision to an existing comprehensive scheme. It created new rights and contingent liabilities which did not exist prior to July 1, 1986. The rights and duties of both Smithfield Packing and claimant under the Workers' Compensation Act became fixed on September 27, 1985, the time the diagnosis of carpal tunnel syndrome was first communicated to claimant. *See Roller v. Basic Constr. Co.*, 238 Va. 321, 329, 384 S.E.2d 323, 326 (1989). At that time, claimant had no rights against Smithfield Packing and it had no duties to claimant with respect to the disease. *Id.* To allow claimant to recover in this case we would have to hold that the legislature intended that Code § 65.1-46.1 be applied retroactively to ordinary diseases of life contracted and discovered prior to the effective date of the statute but not previously litigated. We decline to give that construction to the statute.

We do not have to decide whether the legislature is empowered to give retroactive effect to statutes. Clearly it may do so under certain conditions. *See Allen v. Mottley Constr. Co.*, 160 Va. 875, 170 S.E. 412 (1933). However, retroactive effect will be given to a statute only when legislative intent that a statute be so applied is stated in clear, explicit, and unequivocal terms; otherwise, a statute will be applied prospectively only and applied only to cases that arise thereafter. *Norfolk & Ocean View Ry. v.*

*Turnpike Co.*, 111 Va. 131, 144, 68 S.E. 346, 351 (1910); *Ferguson v. Ferguson*, 169 Va. 77, 85, 192 S.E. 774, 776 (1937). Even remedial statutes will be applied prospectively only, unless a contrary intent appears. *City of Richmond v. Supervisors of Henrico County*, 83 Va. 204, 212-13, 2 S.E. 26, 30 (1887). We can find no reason to exclude legislative enactments in the nature of statutes of limitations from the general principle that retroactive effect will not be given in the absence of clear, explicit and unequivocal intent to the contrary. *See McIntosh v. Commonwealth*, 213 Va. 330, 331, 191 S.E.2d 791, 792 (1972). Moreover, the failure to express an intention to make a statute retroactive evinces a lack of such intention. *Id.* at 331-32, 191 S.E.2d at 792-93.

When the legislature has intended retroactive effect for a statute, it has done so in explicit terms. For example, a 1966 amendment to Code § 65.1-49 contained the following language: "The provisions of this section, as amended, shall be applicable to occupational diseases contracted *before* and after July 1, 1966."[2] (emphasis added). No such clear, explicit and unequivocal language is found in Code § 65.1-46.1. In the absence of such expressed intent, the legislature is presumed to have intended that a statute or amendment will operate prospectively only. *Ferguson*, 169 Va. at 85, 192 S.E.2d at 776.

Moreover, giving retroactive effect to Code § 65.1-46.1 might create serious constitutional questions. *See Stewart v. Keyes*, 295 U.S. 403, 417 (1935). The General Assembly may have decided not to give retroactive effect to the statute because to do so would open the door to claims, the defense of which, by virtue of the passage of time, might be impossible.

It is clear from this record that on September 27, 1985, claimant had contracted the disease for which the claim is now made and that at that time it was not compensable. In the absence of a clear legislative intent to the contrary, the law in effect at the time of the incapacity governs the rights of the parties. *See Blue Diamond Coal Co. v. Pannell*, 203 Va. 49, 54, 122 S.E.2d 666, 670 (1961).

---

[2] *See Parris v. Appalachian Power Co.*, 2 Va. App. 219, 343 S.E.2d 455 (1986), where a panel of this Court thoroughly reviewed cases affected by that amendment, none of which are applicable here.

In summary, we hold that, prior to July 1, 1986, the effective date of Code § 65.1-46.1, claimant was advised that she was suffering from carpal tunnel syndrome. Prior to July 1, 1986, her disease was deemed an ordinary disease of life. No language in Code § 65.1-46.1 discloses an intent on the part of the legislature to make the provisions of the new law applicable to job related ordinary diseases of life, diagnosed and communicated prior to its effective date.

For the reasons stated, the decision of the Industrial Commission is affirmed.

*Affirmed.*

Barrow, J., and Willis, J., concurred.