## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Robert Kyle Garbee

### Case No. CR 8233

By Judge J. Michael Gamble

June 10, 1993

On June 9, 1993, the trial was held on the charge of Mr. Garbee's operating a motor vehicle after being declared an habitual offender. The primary issue in this case is whether or not Deputy Sheriff Carroll Wood had sufficient probable cause to stop the vehicle operated by Mr. Garbee.

The evidence disclosed that on November 24, 1992, Deputy Wood received a radio transmission from Sheriff Cox to be on the lookout for a vehicle operated by the defendant in the vicinity of the Town of Amherst. The vehicle was described in the radio transmission, and Sheriff Cox told Deputy Wood that Mr. Garbee had been declared an habitual offender. Deputy Wood located the vehicle described by Sheriff Cox in the vicinity of the Town of Amherst and stopped the vehicle. He found the operator to be the defendant, Robert Kyle Garbee. Although the defendant had an operator's license, he admitted that he had been declared an habitual offender.

The defendant argues on the basis of *Beckner v. Commonwealth*, 15 Va. App. 533, 537, 425 S.E.2d 530, 532-33 (1993), that sufficient probable cause has not been established for the police officer to make the stop. In *Beckner*, an unidentified driver flashed his lights at a Lynchburg police officer. "When the officer pulled over, the [unidentified] driver pulled alongside the officer, rolled down his window, and stated there was a white female, who did not have a driver's license, at a nearby gas station on Campbell Avenue" in the City of Lynchburg. Based on this tip, the officer proceeded down Campbell Avenue where he observed a Chevrolet auto-

mobile at a gas station. The officer followed the driver; when the driver pulled into a service station to use a telephone, the officer stopped behind her car and asked for her operator's license. When she could not produce a license, the officer verified that her license had been suspended.

The Court of Appeals in *Beckner* held that the information given by the unnamed motorist to the police officer was not sufficient probable cause to stop the vehicle of the defendant. This was based on the lack of sufficient information to show any basis for the knowledge contained in the report of the informant. In *Beckner*, the informant did not indicate how he knew that the motor vehicle license of the defendant had been suspended.

In *Williams v. Commonwealth*, 4 Va. App. 53, 65, 354 S.E.2d 79, 85 (1987), the Court of Appeals of Virginia held that there are no "bright line rules" to follow when determining whether a reasonable and articulable suspicion exists to stop an individual; instead, the Court must look at the totality of the circumstances. In the instant case, the information to Deputy Wood did not come from an unnamed informant. It came from Sheriff Cox, the Sheriff of Amherst County. Sheriff Cox gave the name of the defendant and a description of the vehicle. Additionally, Sheriff Cox said that the defendant in the instant case had been declared an habitual offender. Utilizing the information given by Sheriff Cox, the deputy found the described vehicle in the vicinity of the Town of Amherst just as Sheriff Cox had indicated. Deputy Wood had every right to rely upon the reliability of the Sheriff of Amherst County to give him accurate information on the status of the defendant's right to operate a motor vehicle. Thus, the facts in this case are vastly different from the facts in *Beckner*. Based upon these facts, it is certainly clear that Deputy Wood had a reasonable and articulable suspicion that the defendant was an habitual offender which justified stopping the vehicle.

Subsequent to *Beckner*, the Court of Appeals of Virginia decided the case of *Bulatko v. Commonwealth*, 16 Va. App. 135 (1993). In that case, an informant gave to a police officer the make, color, license plate number, and the fact that the defendant had been declared an habitual offender. The Court of Appeals held that this was sufficient information to justify the police officer in stopping the vehicle. There is really no difference between *Bulatko v. Commonwealth* and the instant case.

Accordingly, the Motion to Dismiss of the defendant is overruled, and the defendant is found guilty of operating a motor vehicle after having been declared an habitual offender.

August 5, 1993

On July 27, 1993, I sentenced Mr. Garbee for the offense of operating a motor vehicle after having been declared an habitual offender. At the time of sentencing, there was discussion about whether or not I should apply the punishment required by § 46.2-357 of the Code of Virginia under the statutory provisions prior to July 1, 1993, or subsequent to July 1, 1993. The 1993 session of the General Assembly amended the statute to impose less stringent punishment for a first offense of driving after having been declared an habitual offender where there was no personal injury involved.

At the time of sentencing, no case authority was presented to me. Accordingly, I imposed the punishment effective subsequent to July 1, 1993. The post-July 1, 1993, statute has a minimum punishment of ten days in jail and a fine, and the pre-July 1, 1993, has a minimum punishment of one year in the state penitentiary or twelve months in jail.

I have reviewed the law, and I believe that I have made an error in the sentence that I imposed. Upon reviewing the decisions of the Supreme Court of Virginia and the Court of Appeals of Virginia, it is clear to me that I must impose the punishment that existed prior to July 1, 1993. The reasons for doing this are set forth below.

First, the general rule is that no statutory amendment, however positive, is to be construed to interfere with existing or vested rights. 17 M.J., *Statutes*, § 73. It is clear that the Commonwealth had rights which vested prior to July 1, 1993, because the defendant was arrested, tried, and found guilty prior to July 1, 1993. Further, even if this were a remedial statute, where vested rights had not accrued, it is clear that the general rule is that retroactive or retrospective legislation is not favored in Virginia. *McIntosh v. Commonwealth*, 213 Va. 330, 331-332 (1972), and *Schilling v. Commonwealth*, 4 Va. App. 500, 507 (1987). The only exception to this rule appears to be where an amended statute or statute deals with a procedural change; the parties have no vested rights in this instance. *Jackson v. National Linen Serv. Corp.*, 248 F. Supp. 962 (W.D. Va. 1965).

Accordingly, I must set aside the decision sentencing Mr. Garbee on July 27, 1993. [The resentence] must be done in open court with the defendant present.