COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


M. THOMPSON EARLY, JR.
                                    MEMORANDUM OPINION[*]
v.    Record No. 0227-00-4             PER CURIAM
                                    SEPTEMBER 19, 2000
SUSAN B. EARLY


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  M. Langhorne Keith, Judge

          (Ronald D. Jacobs; Weinberg & Jacobs, LLP, on
          briefs), for appellant.

          (Heather A. Cooper; Shoun & Bach, P.C., on
          brief), for appellee.


     M. Thompson Early, Jr. (husband) appeals the decision of the

circuit court sustaining the demurrer of Susan B. Early (wife) to

his Petition to Terminate Payment of Support and Maintenance.  On

appeal, husband contends that the trial court erred in sustaining

wife's demurrer by (1) failing to find that the final decree of

divorce established the support obligation as alimony and,

therefore, was subject to statutory modifications; (2) failing to

apply equitable principles when determining the character of

husband's support obligation to wife; and (3) failing to apply the

amendments to Code § 20-109(A) retroactively.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to wife as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).

The evidence proved that husband and wife entered into a Voluntary Separation and Property Settlement Agreement (agreement) at the time of their final separation in 1988.  In his report, the commissioner in chancery recommended that the agreement be incorporated into the final decree, except for the provisions set out in paragraphs II(A) and (B) referring to spousal support and equitable distribution.  Wife contended that those provisions were unconscionable and obtained under duress.  Subsequently, the parties amended their agreement by executing an addendum.  The agreement, as amended, was incorporated into the final decree of divorce entered by the trial court on April 1, 1991.  The final decree stated that the agreement was "affirmed, ratified, and incorporated in this Decree."  The agreement itself provided that "this Agreement shall not be merged in the Decree of any such

-

Court, and shall in all respects survive the same and be forever binding and conclusive upon the parties."

By petition filed November 4, 1999, husband alleged that wife was habitually cohabiting with another person in a relationship analogous to marriage for one year or more commencing on or after July 1, 1997. Husband sought to terminate spousal support under the amended provisions of Code § 20-109(A). Wife demurred to husband's petition. The trial court sustained wife's demurrer, ruling that cohabitation was not a provision warranting termination of spousal support under the parties' agreement and that application of the amended provision of Code § 20-109(A) would be an unconstitutional infringement of contract.

## Modification of Support

Husband contends that the payments he makes to wife under the final decree are spousal support rather than a contractual right to support and, thus, remain subject to modification under subsequent legislation. Husband bases this argument in part on the language of the final decree that he contends changed the nature of the payments from contract to spousal support. We are not persuaded that the language inserted in the final decree of divorce changed the nature of the parties' contractual obligations. Therefore, we find husband's contention to be without merit.

Under the terms of the final decree, incorporating the terms of the parties' amended agreement, wife received $2,000

-

per month "as and for her support and maintenance . . . having commenced on August 1, 1988, and continuing through on the first day of each month thereafter until the wife's remarriage, or the death of either party, or until further order of this Court, whichever first occurs . . . ." (Emphasis added.) Husband contends, without authority, that this addition was a substantive one that changed the nature of the payments to wife. We disagree. The parties executed an agreement in which they expressly elected to retain their contractual remedies as well as to incorporate the agreement into the final decree. The insertion by the trial court in the final decree that the payments would continue "until further order of this Court" did not eviscerate the express language of the parties' contract. Moreover, under Code § 20-109(C),

> if a . . . contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that . . . contract.

Because the terms of the agreement continued to be enforceable as a contract, husband's argument that wife lost her contractual right to payment is without merit.

The issues husband raises on appeal are virtually identical to those raised in Hering v. Hering, ___ Va. App. ___, ___

-

S.E.2d ___ (2000).  In Hering, the husband also argued that the payments he made to the wife were spousal support, not a contractual obligation.  We rejected the husband's argument, finding that

> the parties' contract remained enforceable. The parties expressly provided that their agreement was to be "incorporated, but not merged" into any final decree. . . . Husband's argument glosses over the effect of the parties' express provision that the agreement not be merged into the final decree.  We are not at liberty to ignore a contractual provision specifically included by the parties.

Id. at ___, ___ S.E.2d at ___.  For the reasons expressed in Hering, we find husband's argument to be without merit.

### Equitable Remedies

Husband also contends that the trial court erred by failing to apply equitable principles to relieve him of his obligation under the parties' agreement as incorporated into the final decree.  Husband concedes that, if this matter is viewed as one of contract, then the parties' rights and obligations are governed by the terms of the contract.

The trial court could not enter an order varying the terms of the parties' contractual obligations.  See Code § 20-109(C). Husband's citation of equitable principles and sociological commentaries are inapposite to the central issue before us in this appeal.

-

<u>Retroactive Application of Amendment</u>

Finally, husband argues that the amendment to Code § 20-109(A) should apply retroactively to bar wife from continuing to receive spousal support.  As we noted in <u>Hering</u>,

> [l]egislative amendments affecting substantive rights are generally presumed to apply prospectively, unless a contrary legislative intent is evident.  "[R]etroactive effect will be given to a statute only when legislative intent that a statute be so applied is stated in clear, explicit, and unequivocal terms; otherwise, a statute will be applied prospectively only and applied only to cases that arise thereafter."  <u>Foster v. Smithfield Packing Co.</u>, 10 Va. App. 144, 147, 390 S.E.2d 511, 513 (1990).  The legislation here, to the extent it includes an effective date, refers to a period beginning on or after July 1, 1997, a date well after the parties executed their agreement and the trial court entered the final decree of divorce.

<u>Hering</u>, ___ Va. App. at ___, ___ S.E.2d at ___ (citation omitted).  We find no merit in husband's contention that the 1997 legislation varied his contractual obligations to wife.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-